# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **RONALD FRAZIER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-496-HE |
| | ) | |
| **FRED FIGUEROA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a Colorado state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus. United States District Judge Joe Heaton has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The petition has been examined in accordance with Rule 4 of the Rules Governing Section 2254 Cases,[1] and for the following reasons, it is recommended that the petition be dismissed upon filing.

By this action, Petitioner challenges the legality of his transfer from a Colorado Department of Corrections ("CDOC") prison facility to the North Fork Correctional Facility ("North Fork") in Sayre, Oklahoma, and the legality of his continued confinement at North Fork. Petitioner explains that he was confined pursuant to a judgment of a Colorado state court in a CDOC prison facility in Pueblo, Colorado until approximately January 16, 2007, at which time he was transported to North Fork. Petitioner contends he asked Respondent,

---

[1] Pursuant to Rule 1( b), Rules Governing Section 2254 Cases, these rules may be applied to habeas cases other than those brought under 28 U.S.C. § 2254 at the discretion of the Court.

the Warden at North Fork, to provide documentation evidencing his authority to hold Petitioner in Oklahoma given that he was convicted and sentenced for violating a Colorado statute. Petition, p. 3. Respondent provided Petitioner with a copy of a "Residential Service Agreement" (RSA) executed between representatives of Bent County, Colorado, and Corrections Corporation of America, wherein Corrections Corporation of America agreed to temporarily house CDOC inmates at North Fork during expansion projects to be performed at two prison facilities in Colorado in exchange for payment. Id. at 3, App. 1-3.

Petitioner does not allege specific grounds entitling him to relief. Instead, he claims generally that his imprisonment at North Fork is illegal because the RSA is invalid and unenforceable. He attacks the validity of the RSA by claiming that it violates various provisions of Colorado law and by arguing that the parties who signed the RSA did not have the capacity to enter into such a contract. Thus, according to Petitioner, the RSA does not give Respondent the legal authority to confine him. Further, Petitioner contends his confinement at North Fork is illegal because he is not being held pursuant to a valid interstate compact, judgment of an Oklahoma state court, "mittimus order," or any legally binding agreement. Petition, pp. 7-12. He seeks a judicial declaration that: 1) the RSA is invalid and unenforceable, 2) Colorado has released him through the illegal actions of its officers, 3) his sentence has been commuted or partially pardoned by Colorado; 4) a bus ticket, $100 to cover travel expenses, and "suitable clothing"; and 5) immediate release from North Fork. Id. at 14.

Prior to turning to the federal courts for relief, Petitioner filed a petition for a writ of habeas corpus in the District Court of Beckham County, Oklahoma.  Petition, p. 4; see also Case No. CV-07-209, District Court of Beckham County, Docket.  The District Court consolidated the petition with 383 others filed by Colorado inmates housed at North Fork, and denied relief on October 30, 2007.  Petition, Ex. 4.

## I.     SCREENING REQUIREMENT

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  Rule 4, Rules Governing Section 2254 Cases.  An initial review of the petition reveals several deficiencies.  Accordingly, the petition should be dismissed upon filing.

## II.    DISCUSSION

Courts generally look to the form of relief sought to determine whether an action is properly characterized as a habeas proceeding challenging the validity of a conviction or sentence brought pursuant to 28 U.S.C. § 2254, a habeas proceeding challenging the execution of a sentence brought pursuant to 28 U.S.C. § 2241, or a civil rights action challenging conditions of confinement brought pursuant to 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971).  See, e.g., McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811-12 (10th Cir. 1997).  While Petitioner seeks immediate release from confinement, and declarations that Colorado officials have released him through their illegal actions, the gravamen of his argument is an attack on the

legality of the execution of his Colorado sentence in Oklahoma at a private prison facility, which is a claim properly brought in a § 2241 proceeding. Id. The Tenth Circuit Court of Appeals has treated similar petitions as an attack on the execution of a sentence insofar as it affects the fact or duration of confinement in a particular state as arising under § 2241. Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000). Therefore, the undersigned does so here.

Turning to the merits of Petitioner's claims, it is clear that he is not entitled to relief. First, pursuant to 28 U.S.C. § 2241, habeas corpus relief is available only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Accordingly, claims of state law violations are not cognizable in a federal habeas corpus action. Montez, 208 F.3d at 865. Thus, Petitioner's claim that the RSA violates Colorado state law is not cognizable in this proceeding, and Petitioner's claim that the state officials who entered into the RSA had no authority to do so under Colorado law is not cognizable here either. Further, there is no federal constitutional right to incarceration in any particular prison. Montez, 208 F.3d at 866 (citing Twyman v. Crisp, 584 F.2d 352, 355-56 (10th Cir. 1978)). Accordingly, Petitioner has no valid § 2241 habeas claim to imprisonment in a prison facility located within Colorado.

Second, it is noted that "neither the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another." Montez, 208 F.3d at 865-66 (quoting Barr v. Soares, No. 99-1003, 1999 WL 454364, at *1 (10th Cir. July 6, 1999) (unpublished)); see also Leske v. Soaras, No. 99-1084, 1999 WL 498493, at *1 (10th Cir.

July 15, 1999) ("It is well-established that 'an interstate prison transfer . . . does not deprive an inmate of any liberty interest protected by the Due Process Clause.'").  To the contrary, Colorado and Oklahoma law specifically provide for such transfers.  See Colo. Rev. Stat. § 17-1-105; Okla. Stat. tit. 57, § 563.2.

> Indeed, as the Supreme Court has observed:
>
> it is neither unreasonable nor unusual for an inmate to serve practically his entire sentence in a State other than the one in which he was convicted and sentenced, or to be transferred to an out-of-state prison after serving a portion of his sentence in his home State.  Confinement in another State . . . is within the normal limits or range of custody which the conviction has authorized the State to impose.

Olim v. Wakinekona, 461 U.S. 238, 247 (1983) (quotation omitted).  Accordingly, Petitioner's claim that his confinement at North Fork in Oklahoma is illegal because there is no valid interstate compact, judgment of an Oklahoma state court, "mittimus order," or other binding agreement is meritless.

Given that there is no merit to any of the claims Petitioner makes in the petition, the petition should be dismissed upon filing.

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus [Doc. No. 1] be dismissed upon filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by December 23, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his

right to appellate review of both factual and legal questions contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

    **ENTERED this 3rd day of December, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE